NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL DIENA, individually, and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>CERTIFIED CREDIT & COLLECTION BUREAU, INC.,<br><br>Defendant. | Civ. No. 14-769<br><br>OPINION |

THOMPSON, U.S.D.J.

    This matter is before the Court upon the Motion for Summary Judgment of Plaintiff Daniel Diena ("Plaintiff") (Doc. No. 9) and the Motion for Summary Judgment and the Motion for Partial Summary Judgment of Defendant Certified Credit & Collection Bureau, Inc. ("Defendant") (Doc. No. 11; Doc. No. 21). Each party opposes the other's motions. (Doc. No. 14; Doc. No. 16; Doc. No. 22). The Court has decided the motions based on the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, Plaintiff's motion will be denied in full; Defendant's Motion for Summary Judgment will be granted in part and denied in part; and Defendant's Motion for Partial Summary Judgment will be denied in full.

## BACKGROUND

    There is no dispute between the parties about the essential facts of this case. As of February, 2013, Plaintiff had an unpaid medical bill of $3,781.01 owed to Meridian Healthsystems. (Doc. No. 12, Pl.'s Statement of Facts at ¶¶ 2, 4). Defendant, a collection

agency, sent Plaintiff a letter dated February 6, 2013 concerning this debt which reads as follows:

> DEAR DANIEL DIENA
>
> NOTICE HAS BEEN GIVEN YET YOUR ACCOUNT REMAINS UNPAID AND IS NOW SERIOUSLY DELIQUENT.  YOU OWE $3781.01.  BECAUSE OF INTEREST, LATE CHARGES AND OTHER CHARGES THAT MAY VARY FROM DAY THE AMOUNT DUE ON THE DAY YOU PAY MAY BE GREATER.  FOR FURTHER INFORMATION PLEASE CALL US TOLL FREE.
>
> YOU INDOUBTEDLY REALIZE THE IMPORTANCE OF PRESERVING A GOOD CREDIT RECORD.  THEREFORE IT IS IMPERATIVE THAT THIS BILL BE PAID IN FULL.  YOUR PROMPT COOPERATION WILL MAKE FURTHER ACTION UNNECESSARY.

(Doc. No. 9, Ex. A).  Defendant, however, admits that it does not "credit report for this account." (Doc. 11, Def.'s Statement of Facts at ¶ 4).  Plaintiff filed his Complaint commencing this suit on February 6, 2014.  (Doc. No. 1).

## **LEGAL STANDARD**

Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In deciding a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion."  Fed. R. Civ. P. 56(c); *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted).  In resolving a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986).  More precisely, summary judgment should be granted if the evidence available

would not support a jury verdict in favor of the nonmoving party. *Id.* at 248–49. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. Properly applied, Rule 56 will "isolate and dispose of factually unsupported claims or defenses" before those issues come to trial. *Id.* at 323–24.

## ANALYSIS

In his Complaint, Plaintiff alleges two causes of action: the first for a violation of the Fair Debt Collection Practices Act ("FDCPA") and the second for violations of the FDCPA and the Dodd-Frank Act. (Doc. No. 1, Compl. at ¶¶ 33, 36–37). Plaintiff offers no statutory basis for the existence of a private right of action under the Dodd-Frank Act, and he apparently does not oppose Defendant's motion for summary judgment on the second cause of action. (Doc. No. 14, Pl.'s Opp'n.). Accordingly, summary judgment will be awarded to Defendant on Plaintiff's second cause of action.

In the first cause of action, Plaintiff claims that Defendant violated 15 U.S.C. § 1692f (Doc. No. 1, Compl. at ¶ 33); however, in a subsequent letter to the Court, Plaintiff clarified that he was also pursuing a claim under 15 U.S.C. § 1692e (Doc. No. 20, Pl.'s Letter), and Defendant does not seem to dispute this fact (Doc. No. 19, Def.'s Letter). Section 1692f prohibits "[a] debt collector" from using "unfair or unconscionable means to collect or attempt to collect any debt." Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," and, more specifically, subsection five bans "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." Plaintiff argues that the letter Defendant sent was deceptive or misleading because it implied that Defendant would report Plaintiff's debt to credit reporting agencies if he failed to pay the debt, when in fact

Defendant did not intend to report this particular debt. (Doc. No. 10, Pl.'s Summ. J. Br. at 7–8). Defendant argues that simply referencing the fact that paying debts, in general, will help a person maintain a good credit score is not deceptive. (Doc. No. 11, Def. Summ. J. Br. at 6–8).

Courts analyze claims under the FDCPA "from the perspective of the 'least sophisticated debtor.'" *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000). Whether a debt collection letter is deceptive or misleading, and thus violates 15 U.S.C. § 1692e, is at least partially a question of fact. *See Dutton v. Wolpoff & Abramson*, 5 F.3d 649, 657 (3d Cir. 1993) (noting that the district court sent the question of whether a debt collection letter was misleading to a jury); *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009) ("When it is neither clear that a challenged statement is misleading nor clear that it is not, the question whether it is misleading is one of fact . . . ."). While Defendant's letter clearly withheld some of the truth—namely, that Defendant did not intend to report Plaintiff's debt—it is not clear at this stage that the least sophisticated consumer would have been deceived by the letter. As Judge Posner of the Seventh Circuit Court of Appeals described in a similar FDCPA case, "defendant's letter was not so palpably misleading as to entitle the plaintiff[ ] to summary judgment, but neither was it so palpably not misleading as to entitle the defendant to summary judgment." *Muha*, 558 F.3d at 629. With no further evidence in the record, such as a consumer survey testing the language of Defendant's letter, summary judgment cannot be granted to either party in this case.

In its Motion for Partial Summary Judgment, Defendant argues that Plaintiff's FDCPA claim is time-barred because 15 U.S.C. § 1692(k)(d) states that "An action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs." (Doc. No. 21, Def.'s Partial Summ. J. Br. at 3–4). Defendant argues that any FDCPA violation it may have committed occurred on February 6, 2013, the day it sent the letter to Plaintiff,

and that Plaintiff then had to file his suit on or before February 5, 2014 to satisfy the "within one year" requirement. (*Id.*). Defendant cites *Mattson v. U.S. W. Communications*, 967 F.2d 259 (8th Cir. 1992), in which the same situation was presented, to support this argument. While the Court notes that there is apparently no case in the Third Circuit Court of Appeals addressing this precise scenario, the Court is more persuaded by the reasoning of the Tenth Circuit Court of Appeals in *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002), which rejected the holding in *Mattson* on this issue. In *Johnson*, the Tenth Circuit explained,

> We do not need to decide whether this statute of limitations is jurisdictional or not, nor do we need to decide whether [Federal Rule of Civil Procedure] 6(a) is applicable. Under the plain meaning of 15 U.S.C. § 1692k(d), whether jurisdictional or not, the suit was timely because the day of the violation is not counted in calculating the running of the statute. *See Sheets v. Selden's Lessee*, 69 U.S. 177 (1864) (stating as a general rule of statutory construction that a cause of action measured "from . . . a date named" excludes the day thus designated); *Rush v. United States*, 256 F.2d 862, 865 (10th Cir. 1958) (treating the 6(a) Rule as "the general rule for computation of time"); Fed.R.Civ.P. 6 Advisory Committee Note to subdivision (a) ("These are amplifications along lines common in state practices . . . ."); *see also Fogel v. Comm'r*, 203 F.2d 347, 349 (5th Cir. 1953) ("In computing a period of time . . . the general rule is that the . . . day of the event[ ] is to be excluded, while the last day of the period is to be included."); *United States v. Cia Luz Stearica*, 181 F.2d 695, 696 (9th Cir. 1950) (stating that FRCP 6 "merely declares a rule of statutory construction having widespread judicial sanction, federal as well as state"). All of this is consistent with common usage. Whenever one speaks of something occurring "within a day," of an event, everyone would understand that to meant the next day after the event, not solely on the same day as the event. Similarly, requiring suit "within one year" of an event means that the suit must be filed on or before the anniversary date of the event, not the day before the anniversary. . . .
>
> The single case relied upon by Riddle for the proposition that suits filed on the anniversary of the violation are not filed within one year is *Mattson v. U.S. W. Communications*, 967 F.2d 259 (8th Cir. 1992). *Mattson* is dubious authority for several reasons. *Mattson* relied for its conclusion that claims must be filed before the anniversary on a single case. *Id*. at 262. That case, *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir. 1980) has since been overruled—on precisely the point relied upon by *Mattson*—by the Sixth Circuit sitting en banc. *Bartlik v. United States Dept. of Labor*, 62 F.3d 163, 166 (6th Cir. 1995). Apparently, every other circuit to have weighed in on the issue has rejected the position adopted by *Mattson*; indeed, two circuits have termed the position later adopted by *Mattson* "frivolous." *United Mine Workers v. Dole*, 870 F.2d 662, 665 (D.D.C. 1989); *Frey*, 748 F.2d at

> 175; *see also Maahs v. United States*, 840 F.2d 863, 866-67 (11th Cir. 1988); *Writz v. Pennsylvania Shipbuilders Ass'n*, 382 F.2d 237, 239-40 (4th Cir. 1967); *Fogel*, 203 F.2d at 349; *Cia Luz Stearica*, 181 F.2d at 696; *cf. Union Nat'l Bank v. Lamb*, 337 U.S. 38, 40-41 (1949) ("Since [Rule 6(a)] had the concurrence of Congress, and since no contrary policy is expressed in the statute governing this review, we think the consideration of liberality and leniency which find expression in Rule 6(a) are equally applicable to [the federal statute at issue.").

*Johnson*, 305 F.3d at 1115.  In particular, the Court disagrees with Defendant's assertion that the ruling in *Johnson* is inapplicable here because it does not address whether 15 U.S.C. § 1692(k)(d) is jurisdictional or not.  (Doc. No. 23, Def.'s Reply Br., at 4).  The Court, instead, agrees with *Johnson* that whether or not 15 U.S.C. § 1692(k)(d) is jurisdictional is irrelevant in this specific situation (plaintiff files suit on the anniversary of the violation) because the one year statute of limitations begins to run the day after the violation.  Accordingly, the Court finds that Plaintiff's claim was timely filed, and Defendant's Motion for Partial Summary Judgment is denied.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment will be granted on Plaintiff's Second Cause of Action and denied on Plaintiff's First Cause of Action; Plaintiff's Motion for Summary Judgment will be denied; and Defendant's Motion for Partial Summary Judgment will be denied.  An appropriate order will follow.


 */s/ Anne E. Thompson*
 ANNE E. THOMPSON, U.S.D.J.